**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANET JANDREJACK, | No. 18-17321 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01455-KJN |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted February 23, 2021[**]

Before:      GOODWIN, CANBY, and LEAVY, Circuit Judges.

Janet Jandrejack appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g).  We review de novo, *Attmore v.*

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

Jandrejack contends that the administrative law judge (ALJ) erred by failing to address her non-severe mental impairments, and also in failing to include mental limitations in the residual functional capacity assessment (RFC). The record, however, shows the ALJ properly considered the medical evidence and the four areas of mental functioning in the determination that Jandrejack's mental impairment is nonsevere, and the medical evidence did not warrant including specific mental functional limitations in the RFC. Because the ALJ applied the correct legal standard and the ALJ's determination is supported by substantial evidence, Jandrejack's challenge to the RFC is unavailing. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) ("We will affirm the ALJ's determination of [the claimant's] RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence.").

The ALJ gave specific and legitimate reasons for assigning little weight to Dr. Madarang's contradicted opinions, and properly found that the opinions were unsupported by the objective medical records, and were internally inconsistent. *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017); *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (internal inconsistencies in

18-17321

medical opinions constitute relevant evidence). Substantial evidence supports the ALJ's finding that the physical and cognitive limitations assessed by Dr. Madarang were unsupported by the record. *See id.* (ALJ must assess the supportability of a treating physician's opinion); *see also Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1195 (9th Cir. 2004) (ALJ may discount a medical opinion that is not supported by the record as a whole or by objective medical findings).

Jandrejack's argument that she is incapable of performing her past relevant work lacks merit because it is premised upon her prior arguments concerning the weight of Dr. Madarang's opinions. As discussed above, the ALJ gave specific and legitimate reasons for assigning little weight to Dr. Madarang's opinions, and substantial evidence supported the ALJ's finding. Similarly, substantial evidence supports the ALJ's finding that Jandrejack is not disabled because she can perform past relevant work. *See Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001).

The ALJ's alternative Step Five finding need not be addressed because the ALJ properly concluded at Step Four that Jandrejack had the RFC to perform her past relevant work, and therefore any error would be harmless. *See Batson,* 359 F.3d at 1197 (applying the harmless error standard).

**AFFIRMED.**

18-17321